```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

DONTEE M. BENNETT,              )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  12 C 462
                                )
CITY OF CHICAGO, et al.,        )
                                )
            Defendants.         )

                       MEMORANDUM ORDER

Dontee Bennett ("Bennett") has just filed a "Declaration" in connection with his previously-dismissed 42 U.S.C. §1983 ("Section 1983") hand-printed Complaint that he had brought against the City of Chicago ("City") and its police officer Michael Katonda ("Katonda").[1]  Some background information must be provided at the outset for a full understanding of what is said in the Declaration.

Bennett's Complaint, which claims a deprivation of his constitutional rights at Katonda's hands on March 16, 2010, was received in the Clerk's Office on January 20, 2012.  As is its wont, this Court promptly screened the Complaint pursuant to 28 U.S.C. §1915A(a)[2] because Bennett is in custody at the Cook County Department of Corrections ("County Jail"), and it issued a

---

[1] Bennett's case caption also refers to "three unknown Detectives John Does," but they can be ignored for purposes of this memorandum order.

[2] All further references to Title 28's provisions will simply take the form "Section--."

brief January 25 memorandum order ("Order") that identified some procedural deficiencies in Bennett's submissions, as well as pointing to his failure either to pay the $350 filing fee or to submit an In Forma Pauperis Application ("Application") together with a printout of his trust fund account at the County Jail. Here is how the Order concluded:

> If he does not cure the flaws referred to here on or before February 10, 2012, this action will be dismissed.[3]

When the February 10 deadline came and went without any further Bennett submissions being delivered to chambers, this Court allowed some added time to account for possible delays in transmission before it entered an order of dismissal on February 16. Two weeks later (on March 1) this Court received both the Declaration and an earlier-filed Application by Bennett, together with an attached trust fund account printout (those latter documents having been received in the Clerk's Office on February 21).

This Court's review of that printout pursuant to Section 1915 has revealed that during the relevant six-month period under

---

[3] [Footnote by this Court] As it always does always with persons in custody, this Court set that date because it wished to provide Bennett with a cushion of time for compliance, taking into account the normal delays in the receipt and transmittal of communications where custodial institutions are involved.

Section 1915(a)(2)[4] the average monthly deposits (Section 1915(b)(1)(A)) amounted to $105, so that the required initial partial filing fee payment (20% of that amount, id.) is $21. Accordingly the Application is granted to the extent that Bennett need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Bennett is therefore assessed that initial partial payment of $21, and the County Jail's trust fund officer is ordered to collect that amount from Bennett's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Bennett's name and the 12 C 462 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail's trust fund officer.

After such initial payment, the trust fund officer at the County Jail (or at any other correctional facility where Bennett

---

[4] For that purpose this Court treated Bennett's filing date pursuant to the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)) as January 16, 2012--the handprinted date on his Notice of Filing--even though the Complaint was not received in the Clerk's Office until January 20.

may hereafter be confined) is authorized to collect monthly payments from Bennett's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 8, 2012